UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:17-cv-03089-JFW-KS                                    Date: May 3, 2017

Title    *Miguel Angel Sanchez v. [unknown]*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On April 4, 2017 Petitioner a California state prisoner proceeding pro *se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") in the Southern District of California ("Southern District"). (Dkt. No. 1.) On April 20, 2017, the Southern District transferred the Petition to this Court. (Dkt. No. 4.)

A petition for habeas relief must, *inter alia*, specify all the grounds for relief and state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"). Further, Habeas Rule 4 requires a district court to dismiss a habeas petition if it plainly appears from the petition and any attachments that the petitioner is not entitled to relief in the district court. *See also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). The Court has identified several defects in the Petition that suggest the Petition must be dismissed.

### I.    Failure to name a respondent

First, Petitioner has not identified a respondent. Typically, the warden of the facility in which the petitioner is incarcerated is the proper respondent to a habeas petition. Here, Petitioner's failure to name the correct party as respondent requires dismissal for lack of jurisdiction. *Stanley v. Cal. Supreme Court*, 21 F. 3d 359, 360 (9th Cir. 1994) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.") (internal citation omitted).

### II. Vague and incoherent claims

Second, the Petition, liberally construed, appears to present the following claims for relief, but the claims are vague, lacking in factual support, or incoherent: (1) the trial court committed sentencing error under *Romero* when it sentenced Petitioner as a third striker; (2) the charges against Petitioner should have been dropped and his counts should have "ran concurrent[ly]" rather than consecutively; (3) defense counsel was ineffective and/or had a conflict of interest; and (4) Petitioner was discriminated against based on his race, disability and nature of offense, and was "not allowed to speak at all in court."[1] (Pet. at 6-9.) Because the Court cannot discern from the Petition the number and type of claims for relief, or the factual allegations underlying those claims, the Petition warrants dismissal.

### III. Claims do not appear cognizable on federal habeas review

Third, in addition to being vague, the claims in the Petition do not contain any violations of federal or constitutional law. Section 2254 confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person in custody "on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*." (Emphasis added). Mere errors in the application of state law—such as *People v. Romero*, 13 Cal.4th 497 (1996) in the issue of sentencing—are not cognizable on habeas corpus. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). To the extent Ground Four purports to raise a claim of disability or other discrimination against Petitioner, such claims are generally not cognizable on federal habeas review outside the context of judicial bias. Therefore, even if the Court were to liberally construe the claims presented, the Petition is subject to dismissal for failure to state a cognizable claim for federal habeas relief.

---

[1] Additionally, in the facts supporting Ground Four, Petitioner writes that he recently received some papers he was supposed to have at court and during his appeal, and that the "jurors had said guilty and not guilty." (Pet. at 9.) To the extent Petitioner is referring to the verdict forms attached to his Petition at PageID 18-21, the Court notes that the first two forms denoting a verdict of "Not Guilty" are unsigned whereas the two forms denoting a verdict of "Guilty" are signed by Juror Number 12 on August 18, 2015. (*Compare* PageID 18-19 to 20-21.)

### IV.   Claims do not appear exhausted

Lastly, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has "exhausted" the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

It is unclear on the face of the Petition whether the claims asserted have been exhausted. For example, Petitioner indicates that he raised Grounds One, Three, and Four in the California Supreme Court on direct review. (Pet. at 6, 8, 9.) He also states, somewhat inconsistently, that he raised only the Three Strikes claim (Ground One) before the California Court of Appeal, and only the consecutive sentences claim (Ground Two) before the California Supreme Court on direct review.[2] (*Id.* at 2.) Furthermore, the Court notes from its own review that the California Court of Appeal addressed only the consecutive sentencing issue raised in Ground Two— the state court's decision makes no mention of the additional grounds (and sub grounds) raised in the instant Petition. *See People v. Sanchez*, B266486, 2016 Cal. App. Unpub. LEXIS 5335, *1 (Cal. App. 2d Dist. July 20, 2016) ("On appeal, defendant argues that his actions were part of a continuous course of conduct, and therefore he should not have been sentenced to consecutive terms.") On October 12, 2016, the California Supreme Court denied a petition for review without comment. *See People v. Sanchez*, S236620, 2016 Cal. LEXIS 8684 (Cal. Oct. 12, 2016). Given the inconsistencies in the Petition, the indication that Petitioner did not seek collateral review (Pet. at 3), the absence of any attachments reflecting the claims raised before the state

---

[2] Petitioner also states that he filed a petition for certiorari in the U.S. Supreme Court raising a third issue concerning motion to dismiss for lack of evidence, but inexplicably states that petition was denied on August 14, 2016 citing the same California case numbers, B266486, VA134962. (Pet. at 3.) This Court finds no record of a petition for certiorari in the United States Supreme Court.

courts on direct review, and the state court's decision discussing only Ground Two, the Court cannot discern whether *all* the claims raised in the instant Petition have been exhausted; therefore the Petition is subject to dismissal. *See Rose*, 455 U.S. at 510, 521.

In light of these defects, it is unclear whether the Court has jurisdiction over the Petition and whether it presents any cognizable grounds for habeas relief. Consequently, a respondent would have extraordinary difficulty understanding and responding to the Petition as currently written. Therefore, **Petitioner is ORDERED TO SHOW CAUSE no later than thirty (30) days from the date of this Order, why the action should not be dismissed** – that is, Petitioner must file, a First Amended Petition For Writ Of Habeas Corpus using the Central District's standard habeas petition form, in which he:

(1) identifies the correct respondent;

(2) provides a short plain statement of each ground for habeas relief, including the constitutional provision at issue and the supporting factual allegations; AND

(3) establishes that the exhaustion process is complete – that is, that the California Supreme Court has had the opportunity to consider *all* of the claims raised in the First Amended Petition, either on direct appeal or habeas review; or the status of any exhaustion proceedings.

The Clerk is directed to send Petitioner Form CV-69, the Central District's standard habeas petition form for a person in state custody.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

:
**Initials of Preparer**      rh